IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MINNIE MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:08-cv-252-TFM |
| | ) | [wo] |
| HUMANA INSURANCE CO., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This action is assigned to the undersigned magistrate judge to conduct all proceedings and order entry of judgment by consent of all the parties (Docs. 19, filed May 22, 2008) and 28 U.S.C. § 636(c).

Pending before the Court is *Plaintiff's Motion to Remand* and supporting brief (Docs. 9-10, filed April 15, 2008), *Defendants' Brief in Opposition to Plaintiff's Motion to Remand* (Doc. 22, filed August 4, 2008), and *Plaintiff's Reply to Defendants' Opposition to Motion to Remand* (Doc. 23, filed August 11, 2008). For good cause, it is **ORDERED** that Plaintiff's Motion to Remand is **GRANTED**.

### I. PARTIES

Plaintiff is Minnie Martin ("Martin" or "Plaintiff") a resident of Barbour County, Alabama, within the Middle District of Alabama.

Defendant Humana Insurance Company ("Humana") is a corporation which conducts

business in Barbour County, Alabama through the enrollment of individuals in Medicare Advantage Plans.  Defendant Anthony Kenward ("Kenward") is an agent for Humana and conducts business in Barbour County, Alabama.  Collectively Humana and Kenward shall be referred to as "Defendants."

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 6, 2008, Martin filed a Complaint against Defendants in the Circuit Court of Barbour County, Alabama asserting claims relating to her enrollment in Humana's healthcare plan.  *See* Doc. 2, Complaint.  Prior to November 2006, Martin obtained healthcare services through Medicare.  *See id.* at ¶ 10.  In her complaint, Martin states that in November 2006, she was approached by Kenward for the purpose of seeking her application and enrollment in Humana's Gold Choice plan which is a Medicare Advantage plan.  *See id.* at ¶ 11.  Based on the representations made by Kenward, Martin enrolled in the Gold Choice plan.  *See id.* at ¶ 15.  However, by enrolling in the Gold Choice plan, Martin was now only covered for medical services provided by healthcare providers in the Humana network.  *See id.* at ¶ 16-17.  Martin asserts that the true nature of the Humana Gold Choice plan was misrepresented to her and that she was misled to believe her benefits would not change.  Consequently, Martin filed this action asserting (1) fraud by misrepresentation, (2) fraud by suppression and concealment, (3) negligent, reckless or wanton hiring, training, monitoring, and supervision, (4) civil conspiracy, (5) negligence and wantonness, (6) breach of fiduciary duties, and (7) violation of the Alabama Deceptive Practices Act.  Martin also

specifically states these claims arise solely from state law. *See id*. at p. 13. Further, Martin specifically states she does not seek a coverage determination regarding benefits provided by Humana or Medicare nor does she assert a claim for Medicare benefits. *Id*.

On April 4, 2008, Humana removed the action to federal court. *See* Doc. 2, Notice of Removal. Kenward consented to the removal. *See* Doc. 4, Consent to Removal. On April 15, 2008, Martin filed the instant Motion to Remand the case back to state court. The motion has been fully briefed and is ripe for review.

### III.   STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S.Ct. 1712, 1720, 135 L.Ed.2d 1 (1996). However, federal courts are courts of limited jurisdiction and possesses only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). Humana, as the party removing this action, has the burden of establishing federal jurisdiction. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted).

### IV. DISCUSSION AND ANALYSIS

Since this lawsuit began in state court, the court's jurisdiction depends on the propriety of removal. Humana predicates federal-question jurisdiction on the doctrine of complete preemption. *See* Doc. 22 at p. 2. Humana argues that the Medicare Act expressly preempts state substantive law. *See* 42 U.S.C. § 1395w-26(b)(3). The Eleventh Circuit specifically addressed this precise issue in *Dial v. Healthspring of Alabama, Inc.*, — F.3d —, 2008 WL 3896741 (11th Cir. 2008). The Eleventh Circuit explained that the Medicare Act "strips federal courts of primary federal-question subject matter jurisdiction over claims that arise under the Act." *Id.* at *2. Rather, any federal jurisdiction would only arise from the review of an administrative decision. *See id.* at *3 ("the district court would lack subject-matter jurisdiction over their complaint because it is not against the Secretary of the Department of Health and Human Services for review of an administrative decision."). The instant suit is clearly not an appeal of an administrative decision and therefore the Court lacks subject matter jurisdiction.

### V. CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that:

(1)  *Plaintiff's Motion to Remand* (Doc. 9) is **GRANTED**;

(2)  This case is **REMANDED** to the Circuit Court of Barbour County, Alabama;

(3)  Any other pending motions are left for resolution by the Circuit Court of Barbour County, Alabama; and

(4)  The Clerk is **DIRECTED** to take appropriate steps to promptly effect the remand.

DONE this 2nd day of October, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE